IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>V.<br><br>DOLLAR GENERAL CORPORATION<br>Defendant. | 3:12CV670HTW-LRA<br><br>**COMPLAINT**<br>JURY TRIAL<br>DEMAND |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et. seq.* and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (Black) and retaliation, and to provide appropriate relief to Demetrice Hersey ("Hersey") who was adversely affected by such practices. As alleged with greater particularity in paragraphs ten (10) through twenty-seven (27) below, the U.S. Equal Employment Opportunity Commission alleges that Dollar General Corporation ("Dollar General" or "Defendant") violated Title VII by subjecting Hersey to race discrimination and retaliation when it: (1) failed to promote Hersey on three distinct occasions (2) took numerous materially adverse actions against Hersey in

response to her engaging in activity protected by Title VII; and (3) constructively discharged Hersey based on her race and/or in retaliation for her engaging in activity protected by Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant a Tennessee corporation, has continuously been doing business in the State of Mississippi and the City of Long Beach, and has continuously had at least 15 employees.

5. At all relevant times, Dollar General has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Hersey filed a charge of discrimination with the Commission alleging violations of Title VII by Dollar General. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2009, Dollar General has engaged in unlawful employment practices its locations in Long Beach, Mississippi ("Store #10687" or "The Store"). As described with greater particularity below, Dollar General's practices violated Section 703(a)(1)(2) of Title VII, 42 U.S.C. Section 2000e-2(a)(1)(2), and Section 704 of Title VII, 42 U.S.C. Section 2000e-3(a).

8. The unlawful employment practices complained of in paragraphs ten (10) through twenty-seven (27) below were intentional.

9. The unlawful employment practices complained of in paragraphs ten (10) through twenty-seven (27) below were done with malice or with reckless indifference to the federally protected rights of Hersey.

## COUNT I
### [Title VII Race Discrimination: Failure to Promote]

10. On or about October 31, 2006, Hersey began employment with Dollar General as a cashier, assigned to The Store. Shortly thereafter, on January 27, 2007, Hersey was promoted to Lead Sales Associate at The Store.

11. Hersey throughout most of her employment with Dollar General was the only Black employee in The Store. In the absence of the Store Manager or the Assistant Store Manager, she performed duties normally assigned to them.

12. Hersey expressed her interest beginning in 2009 to the Store Manager in promotion to the position of Assistant Store Manager. The position of Assistant Store Manager became available on three occasions during 2009 and 2010 after Hersey requested to be promoted and Hersey was not selected on any of the three (3) occasions.

13. Hersey was qualified for each of the three Assistant Manager vacancies and repeatedly described her qualifications to the Store Manager. Dollar General on each of the three occasions selected a substantially less qualified White female for the Assistant Manager position.

4

14. Dollar General did not promote Hersey into any of the Assistant Manager positions because of her race, Black.

15. The effect of the practices complained of in paragraphs ten (10) through fourteen (14) has been to deprive Hersey of equal employment opportunities and has otherwise adversely affected her status as an employee because of because of her race, Black.

## COUNT II
### [Title VII Retaliation]

16. The Commission incorporates by reference paragraphs ten (10) through fifteen (15) of this Complaint.

17. Hersey participated in Title VII protected conduct by complaining to Dollar General about the discriminatory practices described above, by filing her EEOC charge of discrimination on February 2, 2010, and by otherwise opposing practices made unlawful under Title VII.

18. Subsequent to Hersey engaging in protected activity, Dollar General subjected her to a progression of materially adverse actions, each of which was calculated to retaliate because of the protected activity.

19. Dollar General subjected Hersey to a progression of unwarranted disciplinary actions accompanied by a pattern of increasingly demeaning and cruel statements and conduct by the managers in authority at The Store and in the district.

20. A causal connection exists between Hersey's protected Title VII activity and Dollar General's materially adverse actions against her.

21. Dollar General's actions effectively ended all of Hersey's future opportunities of employment advancement with Dollar General. The retaliatory actions against Hersey continued until March 10, 2011, the date of her constructive discharge.

22. The effect of the practices complained of in paragraphs ten (10) through twenty-one (21) has been to deprive Hersey of equal employment opportunities and otherwise adversely affect her status as an employee because she participated in conduct protected by Title VII and opposed practices made unlawful by Title VII.

### COUNT III
**[Title VII Race Discrimination and Retaliation: Constructive Discharge]**

23. The Commission incorporates by reference paragraphs ten (10) through twenty-two (22) of this Complaint.

24. Dollar General's retaliatory actions complained of in paragraphs ten (10) through twenty-two (22), created an intolerable working environment for Hersey and any reasonable person in her position.

25. The environment became so intolerable that neither Hersey nor any reasonable person similarly situated could have continued to endure the adverse

treatment. As a result, Hersey left her employment on or about May 10, 2011, the date of her constructive discharge.

26. Dollar General constructively discharged Hersey from employment on May 20, 2011.

27. The effect of the practices complained of in paragraphs ten (10) through twenty-six (26) has been to deprive Hersey of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and because she participated in conduct protected by Title VII and opposed practices made unlawful by Title VII.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Dollar General, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on race, including failing to promote employees and discharging employees based on race, and from engaging in retaliation against employees for participating in protected Title VII activities and opposing unlawful conduct under Title VII, including discharging employees in retaliation for Title VII protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black employees and for

employees who engage in Title VII protected activity, and which eradicate the effects of their past and present unlawful employment practices, including past and present unlawful Title VII disparate treatment and retaliation.

C. Order Defendant to make Demetrice Hersey whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Demetrice Hersey by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs ten (10) through twenty-seven (27) above including, but not limited to, relocation expenses, job search expenses, and medical expenses, if applicable, in amounts to be determined at trial.

E. Order Defendant to make whole Demetrice Hersey by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs ten (10) through twenty-seven (27) above including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and other non-pecuniary losses in amounts to be determined at trial.

F. Order Defendant to pay Demetrice Hersey punitive damages for its malicious and reckless conduct described in paragraphs ten (10) through twenty-seven (27) above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 24th day of September, 2012.

RESPECTFULLY SUBMITTED,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

_____
C. EMANUEL SMITH (MS Bar # 7473)
Regional Attorney

_____
JULIE BEAN (DC Bar #433292)
Supervisory Trial Attorney
(205) 212-2067
Julie.Bean@eeoc.gov

**U.S. Equal Employment Opportunity Commission**
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 212-2045
Facsimile:  (205) 212-2041