# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                            Plaintiff,<br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL,<br><br>                            Defendant. | Civil Action No. 3:12-cv-670-HTW-LRA |

## DEFENDANT'S MEMORANDUM IN
## SUPPORT OF ITS MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Defendant Dolgencorp, LLC ("Defendant") files this Memorandum in Support of its Motion to Transfer Venue to the Southern District of Mississippi—Southern Division, and would respectfully show the Court as follows:

### FACTUAL BACKGROUND

1. On or about February 4, 2010, Demetrice Hersey ("Hersey") filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") against "Dollar General." On the Charge, Hersey lists her home address as "20029-A Sunshine Drive, Long Beach, MS 39560." Human resources records of Dolgencorp, LLC, list a last known address of "1113 Hickory Drive Apt B, Long Beach, Mississippi 39560."[1]

2. On September 25, 2012, Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed this civil action in this Court. On January 7, 2013, Plaintiff filed its Amended Complaint, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating and retaliating against Hersey when she was employed at a Dollar General

---

[1] See Ex. A to Motion to Transfer, Declaration of Ahnaf Bashir ("Bashir Decl.") at ¶ 6.

store in Long Beach, Mississippi.

3. Long Beach, Mississippi, is located within Harrison County, Mississippi, which is within the Southern Division of the Southern District of Mississippi (the "Southern Division").

4. Hersey has never been employed at a Dollar General store anywhere except Long Beach, Mississippi, and has never been employed at any Dollar General store within the Jackson Division of the Southern District of Mississippi (the "Jackson Division").[2]

5. EEOC alleges in its Complaint that "[s]ince at least 2009, Dolgencorp, as Dollar General, has engaged in unlawful employment practices its locations [sic] in Long Beach, Mississippi ("Store #10687" or "The Store").[3]

6. EEOC further alleges that Hersey sought promotion to the Assistant Store Manager position at Store No. 10687 and that she "repeatedly described her qualifications to the Store Manager" and those promotions were denied because of her race.[4]

7. EEOC further alleges that after Hersey filed her Charge with the EEOC, she was subjected to "a progression of unwarranted disciplinary actions accompanied by a pattern of increasingly demeaning and cruel statements and conduct by the managers in authority at The Store[.]".[5]

8. Throughout Plaintiff's employment, the Store Manager at The Store was Charlene O'Neal. Charlene O'Neal resides in Long Beach, Harrison County, Mississippi and presently continues to be employed in Long Beach, Mississippi.[6]

---

[2] See Ex. A, Bashir Decl. ¶5
[3] *See* Amended Complaint at ¶7
[4] *See* Amended Complaint at ¶12-14.
[5] *See* Amended Complaint at ¶19.
[6] *See* Ex. A, Bashir Decl. at ¶11.

9. The Assistant Store Managers who worked at Store No. 10687 during 2009 through May 2010 include the following individuals, with the cities of residence of their last known addresses in parentheses:

- Shirley Aldrich (Pass Christian, MS) (Harrison County);
- Sarah Garriga (Saucier, MS) (Harrison County);
- Rachel Montefusco (Long Beach, MS) (Harrison County); and
- April Moore (Perkinston, MS) (Stone County).[7]

10. Of the former Assistant Store Managers at Store No. 10687, only one remains employed Dolgencorp, LLC, and records do not indicate that any of them are presently or were last known to reside in Jackson, Mississippi.[8]

11. The other co-workers employed at Store No. 10687 and still employed at the time of Hersey's resignation in May 2010, include the following individuals, with the cities of residence of their last known addresses in parentheses:

- Mary Newell (Long Beach, MS) (Harrison County);
- Dale Jones (Long Beach, MS) (Harrison County);
- Danielle Miller (Pass Christian, MS) (Harrison County);
- Roberta Ramirez (Long Beach, MS) (Harrison County);
- Rebecca McCaskill (Long Beach, MS) (Harrison County); and
- Timothy Barnes (Long Beach, MS) (Harrison County).[9]

12. Of the employees listed in the paragraph above, only one is actively employed by Dolgencorp, LLC, and records do not indicate that any are presently or were last known to reside

---

[7] *See* Ex. A, Bashir Decl. at ¶7.
[8] *See* Ex. A, Bashir Decl. at ¶8.
[9] *See* Ex. A, Bashir Decl. at ¶9.

3

in Jackson, Mississippi.[10]

14. Business and employment records related to Hersey's employment are not maintained in Jackson, Mississippi.[11] Records retained in personnel files are located at the Dollar General Store Support Center in Goodlettsville, Tennessee, and other records may be retained at the store in Long Beach.[12]

14. Plaintiff's Complaint identifies no witnesses or documents that are located in Jackson, Mississippi, or anywhere within the Jackson Division.

15. The Federal Courthouse for the Southern Division is located in Gulfport, Mississippi. Long Beach is in the same county and is directly adjacent to Gulfport. The Gulfport Federal Courthouse is located no more than 7 miles from the address Plaintiff listed on her Charge of Discrimination. By contrast, the Federal Courthouse in Jackson is more than 150 miles from Plaintiff's home and from Store No. 10687 where the events forming the basis of this lawsuit allegedly occurred.

## ARGUMENT AND AUTHORITIES

### I. LEGAL STANDARDS FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Section 1404(a) grants to the district court the power to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). "The district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quotation omitted). Even if venue is proper in the Division where the case was filed, the Court may transfer venue to more appropriate Division, such as the Southern Division in this case. Section 1404(a) clearly provides that "a district court may transfer any civil action to any other district <u>or division</u> where it might have been brought." 28

---

[10] *See* Ex. A, Bashir Decl. at ¶10.
[11] Ex. A, Bashir Decl. at ¶4.
[12] *See* Ex. A, Bashir Decl. at ¶4.

4

U.S.C. § 1404(a) (emphasis added). Likewise, the Fifth Circuit has held that "employment discrimination controversies should be litigated in judicial districts [with] direct and immediate connection with the parties, the events and the evidence bearing on their controversy." *In re Horseshoe Entertainment*, 305 F.3d 354, 359 (5th Cir. 2002). Although Jackson is in the same District as Long Beach, Jackson is a remote location in comparison to Gulfport and Jackson has no "direct and immediate connection with the parties, the event and the evidence" at it issue in this case.

A party seeking a transfer "must show good cause." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Under § 1404(a), showing "good cause" is simply a demonstration by the moving party that "a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (citing § 1404(a)). Thus, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. However, when "the transferee venue is clearly more convenient, however, [the movant] has shown good cause and the district court should therefore grant the transfer." *Id.*

Although Defendant has local counsel in Jackson, the Fifth Circuit has held that it is error to give consideration to the "location of counsel." *In re Horseshoe*, 305 F.3d at 358-359. Further, the plaintiff's choice of venue is not even a "factor" in the venue transfer analysis, but rather "it is nonetheless taken into account" because the plaintiff's venue choice puts the burden on the movant to show good cause to change it. *In re Volkswagen,* 545 F.3d at 315.

Applying these standards, district courts routinely grant venue transfer in actions filed by the EEOC, even to courts located within the same state, when the original venue has relatively few connections to the witnesses, records, or the employment actions at issue. *See EEOC v. Icon Benefit Administrators, Inc.*, 2003 U.S. Dist. LEXIS 3590 (W.D. Tex. Feb. 10, 2003)

5

(transferring action from El Paso, Texas, to Lubbock, Texas, where the acts complained of occurred in Lubbock, most of the witnesses were located in Lubbock; and the employment records relevant to the case were in Lubbock); *EEOC v. Jack of All Trades Personnel Servs.*, 2004 U.S. Dist. LEXIS 10618, at *5-6 (N.D. Tex. June 1, 2004) (transferring action from Dallas, Texas, to Waco, Texas, where the alleged unlawful employment action occurred, and where records and witnesses were located); *EEOC v. Allsup's Convenience Stores*, 2010 U.S. Dist. LEXIS 19761, at *3-5 (D.N.M. Mar. 2, 2010) (transferring venue from New Mexico to Texas where the charging party had never lived or worked in New Mexico, and despite the fact that the personnel records and one witness were located in New Mexico).

## II. CONVENIENCE FAVORS TRANSFER TO SOUTHERN DIVISION

Here, the primary witnesses are likely to be Hersey, the alleged victim of discrimination and the alleged discriminator, Hersey's Store Manager, both of whom are in Long Beach within the Southern Division. Likewise, the four former Assistant Store Managers who have knowledge about their selection and Hersey's seven co-workers at the time she resigned, who may have personal knowledge of the alleged "demeaning and cruel statements and conduct by the managers in authority at The Store," are also all located in the Southern Division, either within Long Beach itself or a few surrounding communities.[13] *See* 28 USC § 104(b)(4) (Southern Division encompasses the counties of Harrison and Stone, among others). The Fifth Circuit has established a "100-mile rule," for consideration of witness convenience. *See In re Volkswagen*, 545 F.3d at 317 (stating that "it is an 'obvious conclusion' that it is more convenient for witnesses to testify at home and that '[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from

---

[13] *See* ¶ 8-12, *supra*; Ex. A, Bashir Decl. at ¶7-11.

6

their regular employment."). In light of the fact that the Gulfport is at least 150 miles closer to Long Beach than the Jackson Division is, the Southern Division is substantially more convenient to likely witnesses in this case.

The availability of compulsory process to secure the attendance of witnesses is also to be considered as a factor in the venue analysis. *In re Volkswagen*, 545 F.3d at 316. Non-party witnesses located in Long Beach, potentially including all eleven of the former co-workers identified above,[14] "are outside the [Jackson Division's] subpoena power for deposition under FED. R. CIV. P. 45(c)(3)(A)(ii)," and any "trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash [.]" *Id*. By contrast, Defendant has not identified any non-party witness who is located in Jackson, much less any within 100 miles of Jackson or more than 100 miles from Gulfport. This factor clearly also weighs in favor of transfer.

The relative ease of access to sources of proof is also "a meaningful factor in the analysis." *In re Volkswagen*, 545 F.3d at 316. Defendant possesses no records in Jackson that are relevant to the case. To the extent that any business or employment records relevant to Hersey's employment are located outside of the store in Long Beach, Mississippi where Hersey worked, those records are store or maintained at the Dollar General Store Support Center in Goodlettsville, Tennessee.[15] For this reason, the access to sources of proof cannot weigh against transfer and the location of proof within Long Beach clearly favors transfer.

## III. CONCLUSION

For the foregoing reasons, Defendant Dollar General Corporation respectfully requests the Court to transfer venue to the Southern District of Mississippi—Southern Division.

---

[14] *See* ¶ 8-12, *supra*; Ex. A, Bashir Decl. at ¶7-11.
[15] *See* Ex. A, Bashir Decl. at ¶13.

This 22nd day of January, 2013.

Respectfully submitted,

DOLGENCORP, LLC

By its attorneys,

*s/Ceejaye S. Peters*
CEEJAYE S. PETERS

OF COUNSEL:

Scott W. Pedigo, MSB No. 10735
Ceejaye Peters, MSB No. 101962
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
4268 I-55 North Meadowbrook Office Park
Jackson, Mississippi 39211
spedigo@bakerdonelson.com
cpeters@bakerdonelson.com
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

Joel S. Allen (*Pro Hac Vice forthcoming*)
Texas State Bar No. 00795069
Jason R. Elliott (*Pro Hac Vice forthcoming*)
Texas State Bar No. 24050558
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: (214) 466-4000
Facsimile: (214) 466-4001
joel.allen@morganlewis.com
jason.elliott@morganlewis.com

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing has been served via the Court's CM/ECF system on this 22nd day of January 2013, as follows:

C. Emanuel Smith
Julie Bean
Steven Murray
Harriett Johnson
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION - BIRMINGHAM DISTRICT OFFICE
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205

                                              s/*Ceejaye S. Peters*
                                              CEEJAYE S. PETERS