IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                                        PLAINTIFF

v.                                                                 Civil No. 1:13-cv-383-LG-JCG

DOLLAR GENERAL CORPORATION                                            DEFENDANT

**ORDER DENYING PLAINTIFF'S MOTION [37] FOR PROTECTIVE ORDER,
GRANTING DEFENDANT'S MOTION [52] FOR PROTECTIVE ORDER,
AND GRANTING THE PARTIES' JOINT MOTION [50] TO
EXTEND DEADLINES**

BEFORE THE COURT are three Motions: Plaintiff Equal Employment Opportunity Commission's Motion [37] for Protective Order; Defendant Dolgencorp, LLC d/b/a Dollar General's Motion [52] for Protective Order; and the parties' Joint Motion [50] to Extend Deadlines.  Having considered the submissions of the parties, the record, and relevant legal authorities, the Court finds that the EEOC's Motion [37] should be denied, Dollar General's Motion [52] should be granted, and the Joint Motion [50] to Extend Deadlines should be granted.

1.      **The EEOC's Motion [37] for Protective Order**

The EEOC alleges that the discovery propounded by Dollar General exceeds that allowed by the Case Management Order [28].  The Case Management Order limits interrogatories to 25 per party and requests for production to 35.  On June 4, 2014, Dollar General propounded 20 numbered interrogatories and 34 numbered requests for production.  The EEOC maintains that due to the discovery requests' subparts, "Defendant served on the EEOC approximately thirty-one (31) Interrogatories and forty-nine (49) Requests for Production." Pl.'s Mem. [38] 2.  In

response, Dollar General asserts that its discovery requests are in compliance with the Case Management Order because a discovery request with reasonably related subparts is to be counted as one request.

Local Uniform Civil Rule 26(d) provides that "[a] specific interrogatory/request and its reasonably related subpart will be counted as one interrogatory/request." L.U.Civ.R. 26(d). Having reviewed the Interrogatories and Requests for Production objected to by the EEOC, the Court finds that the EEOC's Motion [37] for Protective Order should be denied in full. The subparts objected to by the EEOC are reasonably related to their respective numbered Interrogatory or Request for Production. The EEOC shall serve its responses to Dollar General's Interrogatories 1, 8, 9, 11, 12, 13, 15, 17, 19, and Requests for Production 1, 2, 5, 15, 21, 22, 26, 31, on or before September 4, 2014.

**2.      Dollar General's Motion [52] for Entry of Protective Order**

Dollar General requests entry of a protective order "to limit the dissemination or use of Defendant's confidential documents and information" and has submitted a proposed protective order. Def.'s Mot. [52] 1. The EEOC maintains that Dollar General has not shown good cause warranting the entry of a protective order. Pl.'s Mem. [55] 5-6. In the alternative, the EEOC suggests revisions to Sections 4.1 and 5.2.2 of Dollar General's proposed protective order. Pl.'s Mem. [55] 8-14.

The Court finds that Dollar General has shown good cause warranting the entry of a protective order. Section 4.1 of Dollar General's proposed protective order

-2-

will be entered as submitted, with the exception that the following sentence will be added to Section 4.1: "After the termination of this litigation, each non producing party who has come into possession of documents designated as Confidential under this Order shall return to each producing party any and all such documents." This revision alleviates the EEOC's concern that the Commission would be required "to specially handle and segregate Dollar General's documents designated 'confidential' over generations of attorneys at the EEOC" and "to care for [those] files and documents in perpetuity . . . ." Pl.'s Mem. [55] 8.

**3.     Joint Motion to Extend Deadlines**

The parties request a sixty-day extension of the deadlines and hearings in the Case Management Order. The Court finds that good cause exists to grant the extensions requested, and an Amended Case Management Order will be entered.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Equal Employment Opportunity Commission's Motion [37] for Protective Order is **DENIED**. The EEOC shall serve its responses to Dollar General's Interrogatories 1, 8, 9, 11, 12, 13, 15, 17, 19, and Requests for Production 1, 2, 5, 15, 21, 22, 26, 31, on or before September 4, 2014.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Defendant Dolgencorp, LLC d/b/a Dollar General's Motion [52] for Protective Order is **GRANTED**. The proposed protective order submitted by Dollar General will be entered with one revision as stated above.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the parties' Joint

Motion [50] to Extend Deadlines is **GRANTED**.  An Amended Case Management Order will be entered.

    **SO ORDERED AND ADJUDGED**, this the 27th day of August, 2014.

        *s/ John C. Gargiulo*
        JOHN C. GARGIULO
        UNITED STATES MAGISTRATE JUDGE