IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL,<br><br>Defendant. | Civil Action No. 1:13-cv-383-LG-JMR |

## PROTECTIVE ORDER

**1. GENERAL PURPOSES AND LIMITATIONS**

Defendant has moved that the Court enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

**2. DEFINITIONS**

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants and experts (who have been retained or who counsel in good faith believe may be retained), and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. <u>Confidential Information</u>: As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following

categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets as defined by the Uniform Trade Secrets Act § 1(4) (1985); (c) research, technical, proprietary business/operational/training, commercial or financial information that the party has maintained as confidential; (d) medical, mental health, or psychological information concerning any individual; (e) personally identifiable information: i.e., social security number and date of birth; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) individual wage or salary information; (h) background check or personal history information provided to Defendant by any applicant or third party entity through its proprietary software, systems, or databases; (i) personnel databases containing personally identifiable information, as defined above; or (j) personnel files from previous employment. Information or documents that are available to the public may not be designated as Confidential Information.

2.4. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5. <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in Disclosures or in Discovery Material as "Confidential."

2.7. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9. <u>In-House Counsel</u>: attorneys who are employees of a Party.

2.10. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

2.11. <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation. This definition also includes the staff of any such experts described herein.

2.12. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

## 3. SCOPE

3.1. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## 4. DURATION

4.1. During and after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless a Designating Party agrees

otherwise in writing or a court order otherwise directs. After the termination of this litigation, each nonproducing party who has come into possession of documents designated as Confidential under this Order shall return to each producing party any and all such documents.

5. **DESIGNATING PROTECTED MATERIAL**

   5.1. <u>Use of Good Faith in Designating Protected Material</u>: Designating Parties shall designate documents in good faith, and shall not indiscriminately designate documents. Nor shall designations be made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties). Any party may object in good faith to the designation of Disclosure or Discovery Materials as "Confidential." The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections, and meet and confer process. A Designating Party may designate as "Confidential" specific categories of documents that warrant such designation, provided that the Designating Party notifies the Receiving Parties that it has done so.

   5.2. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires that the Designating Party notify the Receiving Party in writing which Information or Items it has marked as "CONFIDENTIAL," along with the following:

5.2.1. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.

5.2.2. For specific testimony given in depositions, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony and whether the testimony is designated "Confidential." Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that selected testimony given at the deposition is designated "Confidential" and identifying that testimony with specificity. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. Following a deposition, a Party or its Counsel may designate portions of the deposition transcript as "CONFIDENTIAL" within thirty (30) days from that Party's receipt of the transcript.

5.2.3. For information produced in electronic format, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3. <u>Inadvertent Failures to Designate</u>: An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of

Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Objections to Designations</u>: A Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to the designation of any material under this Order by another Party, the challenging Party must do so in good faith and must begin the process by transmitting a letter or email to counsel for the Designating Party identifying the specific information or items (or portions thereof) that it believes were improperly designated and explaining the basis for its belief that the confidentiality designation was not proper. The Designating Party shall respond by letter or email within ten (10) business days, and, if no change in designation is offered, shall explain the basis for the chosen designation. Should the challenging Party maintain its challenge, the challenging Party shall request a telephonic conference or an in-person meeting with the Court on ten (10) business days' notice.

6.2. <u>Judicial Intervention</u>: A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

## 7. INADVERTENT DESIGNATION

7.1. <u>Inappropriate Designation of Confidential Information</u>: In the event that Confidential Information claimed to be "Confidential" is produced without the appropriate designation, such documents and copies thereof shall be returned to the Producing Party within five days of any written notice requesting their return to affix the appropriate designation or immediately stamped "Confidential" as requested by the Producing Party. The Receiving Party may challenge the confidential nature of the documents, but the production of the documents (or the giving of testimony) claimed to be "Confidential" shall not constitute a waiver of the confidentiality designation.

7.2. <u>Production of Privileged Information</u>: Production of any Discovery Material by a Producing Party who claims the Discovery Material should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to as a "Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A Party or non-party may request the return or destruction of any privileged document that it produced by identifying the

Produced Privileged Document and stating the basis for withholding such document from production. If a Party or non-party requests the return or destruction, pursuant to this paragraph, of such a Produced Privileged Document then in the custody of one or more parties, the possessing parties shall within seven business days either (i) return to the requesting party or non-party the Produced Privileged Document or (ii) provide the requesting party with a written attestation that all physical and electronic copies of the Produced Privileged Document have been removed, deleted, expunged or otherwise destroyed. After a document is returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

8. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   8.1. <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only (and for no other purpose of other litigation), for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

8.2. <u>Disclosure of Protected Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

8.2.1. Counsel;

8.2.2. Experts and/or Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8.2.3. the Court and its personnel;

8.2.4. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

8.2.5. the author, addressees, or recipient of the document, or any other person who would have had access to such information by virtue of his/her employment;

8.2.6. any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing Protected Material except as this Order permits;

8.2.7. any person to whom the Designating Party agrees in writing or on the record; and

8.2.8. any person to whom the Court compels access to the Protected Material.

Exhibit A will be retained by counsel for the Party which obtains the appropriate signature.

8.3. Nothing in this Order affects the rights of the Producing Party or the Designating Party to use or disclose its own Protected Material in any way, including but not limited to providing Discovery or Disclosure Material to litigants for use in other lawsuits. Such disclosure shall not waive the protections of this Order, and shall not entitle other parties, non-parties, or their attorneys to use or disclose the Protected Material in violation of this Protective Order.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or agency proceeding that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of

its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. FILING PROTECTED MATERIAL**

All documents that are filed with the Court that contain any portion of any Protected Material or information taken from any Protected Material under the express authority of the Court and by order of the Court pursuant to Uniform Local Rule 79 of the United States District Court for the Northern and Southern Districts of Mississippi, shall be submitted *in camera* to the Court, pending filing. The producing party shall then, within five (5) business days, make any application they deem necessary under Local Rule 79 to maintain the confidential status of such information, documents, affidavits, testimony or other exhibits. Such filing shall comply with Local Rule 79.

**12.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party shall, at the request of the Producing Party, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers and exhibits, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

## 13. MISCELLANEOUS

13.1. <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3. <u>Non-Application of Order</u>: The restrictions set forth above shall not apply to documents or information designated Confidential which (a) were, are or become public knowledge, through actions not in violation of this Order; or (b) were or

are discovered independently by the Receiving Party; or (c) are offered or used as evidence in any proceeding in this matter, subject to Section 11 above.

**SO ORDERED**, this the 27th day of August, 2014.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of Mississippi on _____[date] in the case of *Equal Employment Opportunity Commission v. Dolgencorp, LLC d/b/a Dollar General*, Civil Action No. 1:13-cv-383-LG-JMR.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Mississippi for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DB1/ 80244672.1