IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                            PLAINTIFF

v.                                                  CAUSE NO. 1:13CV383-LG-JCG

DOLGENCORP, LLC, d/b/a/
DOLLAR GENERAL                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion for Summary Judgment [107] filed by the Defendant, Dolgencorp, LLC, seeking dismissal of employment discrimination claims brought by the Equal Employment Opportunity Commission on behalf of Demetrice Hersey.  The EEOC contends that Dolgencorp did not promote Hersey to the position of assistant store manager because she is black, and then retaliated against her by issuing written discipline when she filed a charge of discrimination with the EEOC.  The issues have been fully briefed, and after due consideration of the parties' arguments and evidence, it is the Court's opinion that there are questions of material fact for the jury in regard to the racial discrimination claim.  The Motion will be denied to that extent.  However, the retaliation claim lacks evidentiary support, and therefore the Court will grant the Motion as to the retaliation claim.  The EEOC's motion for a hearing on the Motion will also be denied.

THE EEOC'S ALLEGATIONS

According to the allegations of the Amended Complaint [6], Hersey began

working as a cashier at Dolgencorp's Dollar General store in Long Beach, Mississippi, in 2006. Three months after she began, she was promoted to lead sales associate. Beginning in 2009, Hersey expressed interest in a promotion to the position of assistant store manager. The position became open three times during 2009 and 2010, but Hersey was not promoted. Hersey alleges she was not promoted because she is black. She also alleges that after she filed a charge of discrimination with the EEOC on February 2, 2010, she was retaliated against, in that she was "subjected [ ] to a progression of unwarranted disciplinary actions accompanied by a pattern of increasingly demeaning and cruel statements and conduct by the managers in authority. . . ." (Am. Compl. at 5, ECF No. 6).

DISCUSSION

**I. Race Discrimination**

It is unlawful under Title VII for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Direct Evidence of Race Discrimination

The EEOC contends it can show direct evidence that Hersey was not promoted because of her race. Where there is direct evidence of a discriminatory basis or motivation for an adverse employment action, the *McDonnell Douglas* framework used to analyze the sufficiency of circumstantial evidence of discrimination does not apply. *Yul Chu v. Miss. State Univ.*, No. 14-60129, 2014

WL 6306689, at *3 (5th Cir. Nov. 17, 2014). Instead, "[t]he presentation of credible direct evidence that discrimination motivated or was a substantial factor in the adverse employment action shifts the burden to the employer that, regardless of discrimination, the same decision would have been made." *Reilly v. TXU Corp.*, 271 F. App'x 375, 379 (5th Cir. 2008) (citing *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 992 (5th Cir. 2005)).

The EEOC presents evidence that store employees heard O'Neal, the store manager and decision maker, frequently use the word "nigger" when referring to black persons, and once call Hersey a "lazy black nigger." O'Neal also told an employee that "she didn't want a nigger working for her and that she was trying to get Mrs. Dee [Hersey] to leave," expressly stating that she "was not going to make [Hersey] her assistant because she did not want a nigger working for her." (Pl. Ex. L 24, ECF No. 121-12).

Hersey contends that such routine use of racial slurs can constitute direct evidence that a supervisor's racial animus was a motivating factor in a challenged employment action, citing *Brown v. East Mississippi Power Association*, 989 F.2d 858 (5th Cir. 1993). However, as Dolgencorp notes, Fifth Circuit cases subsequent to the *East Mississippi Power Association* decision require more than evidence of frequency for racist remarks to constitute direct evidence of employment discrimination. The Fifth Circuit "continue[s] to apply the *CSC Logic* test when a remark is presented as direct evidence of discrimination apart from the *McDonnell*

*Douglas* framework." *Laxton v. Gap Inc.*, 333 F.3d 572, 583 n.4 (5th Cir. 2003) (citing *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 404-05 (5th Cir. 2001); *see also Ray v. United Parcel Serv.*, 587 F. App'x 182 (5th Cir. Nov. 20, 2014).

Under *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996), "in order for comments to constitute direct evidence, they must be '1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.'" *Ray*, 587 F. App'x 182 (quoting *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000) (add'l citations and marks omitted)). "Comments failing to satisfy these requirements are merely 'stray remarks' that are independently insufficient to prevent summary judgment." *Id.* (citing *Jackson v. Cal-W Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010)). "Additionally, in order to constitute direct evidence at this stage of the analysis, the comments must be such that, "'if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions.'" *Id.* (quoting *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993)).

O'Neal's comments unquestionably satisfy two of the *CSC Logic* factors, because the comments are related to Hersey's protected class of persons by an individual with authority over the promotion decisions at issue. Dolgencorp argues however, that Ramirez testified that certain of O'Neal's comments were made

around April 2011 - more than one year after the last challenged promotion decision in 2009 and 2010, and therefore the comments do not relate to the employment decisions at issue in this case.  (Def. Ex. F 57-58, ECF No. 107-8).

If Hersey's evidence is believed, O'Neal told another employee that she had not promoted Hersey because of Hersey's race.  The fact that O'Neal made these comments after Hersey was denied a promotion does not mean they were unrelated to the denied promotions.  *See, e.g., Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 133 (3d Cir. 1997) (comments by management one year after termination).  Nevertheless, Fifth Circuit precedent requires that comments must be made fairly contemporaneously to the challenged employment action to constitute direct evidence.  *See Ray*, 587 F. App'x 182 n.30.  For instance, the court found a comment made within two months of termination to be direct evidence under *CSC Logic*.  *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576–77 (5th Cir. 2003).  But comments made within twelve and sixteen months of the employment action were "stray remarks" rather than direct evidence of discrimination.  *Auguster*, 249 F.3d at 405 (holding comment made "nearly a year" prior to adverse decision was stray remark under *CSC Logic*); *CSC Logic, Inc.*, 82 F.3d at 656 (finding that comment made sixteen months prior to adverse decision was stray remark in ADEA claim)).

O'Neal clearly made the comment that she "didn't want a nigger working for her and that she was trying to get Mrs. Dee to leave" when there was an assistant store manager position open in 2011.  (Def. Ex. F at 8, ECF No. 107-8).  But the

EEOC has not challenged Dolgencorp's failure to promote Hersey in 2011, only its failure to promote her in 2009 and 2010. (*See* Am. Compl. 4-5 (¶¶12-14), ECF No. 6). Therefore, O'Neal's 2011 comments, fifteen months after the last challenged promotion, are too remote in time to constitute *direct* evidence of race discrimination in this case. As noted below, that is not to say they have no evidentiary value.

<u>Circumstantial Evidence of Race Discrimination</u>

Absent direct evidence of discrimination, claims of race discrimination are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In order to set forth a prima facie case of employment discrimination under Title VII, a plaintiff must demonstrate (1) that she belongs to a protected class; (2) that she was qualified for the position; (3) that she suffered an adverse employment decision; and (4) that she was replaced by someone outside the protected class, or in the case of disparate treatment, that similarly situated persons outside her protected class were treated more favorably under circumstances that were "nearly identical" to his. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). If the plaintiff presents a prima facie case, the burden shifts to the defendant to provide a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). If the defendant offers such a justification, the burden again shifts to the plaintiff to show either (1) that the defendant's alleged

justification was a pretext for discrimination, or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic. *Manning*, 332 F.3d at 881; *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

### *i. Defendant's Legitimate, Non-Discriminatory Reasons*

Dolgencorp assumes that the EEOC has established a prima facie case of race discrimination and moves to discussion of its reasons for not selecting Hersey for promotion to assistant store manager during 2009 and 2010. It contends that 1) it was unaware of any recent full-time management experience Hersey had prior to beginning work at Dollar General in 2006; 2) she was having "performance issues" as a lead sales associate; and 3) she never requested a promotion. Promoting or hiring employees deemed to be better qualified is a legitimate, non-discriminatory explanation for Dolgencorp's actions. *Bacas v. Harvey*, 270 F. App'x 329, 331 (5th Cir. 2008). The burden therefore shifts to the EEOC to show that these reasons are pretext for race discrimination.

### *ii. Pretext*

In a failure to promote case, the plaintiff's burden at this stage is to show that (1) the defendant's explanation was false or unworthy of credence or (2) plaintiff was clearly better qualified than the applicant chosen for the promotion. *Hypolite v. City of Houston, Tex.*, 493 F. App'x 597, 605 (5th Cir. 2012). The Court finds no need to examine all of the parties' arguments concerning pretext. Each of

Dolgencorp's reasons for not promoting Hersey might be true, but there is ample evidence in the record from which the finder of fact could find that racial animus was also a factor. The testimony regarding O'Neal's comments about blacks in general and Hersey in particular, examined above for sufficiency as direct evidence, can also constitute circumstantial evidence. In order for such comments to be probative, "a plaintiff need only show (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012) (citations omitted). If the jury believes the testimony that O'Neal, the relevant decisionmaker, routinely referred to "niggers," called Hersey a "lazy black nigger," and explicitly stated she would not promote Hersey because of her race, then the jury could conclude that racial animus was a motivating factor in O'Neal's decision not to promote Hersey. For this reason, summary judgment is inappropriate and will be denied as to the EEOC's racial discrimination claim.

## II. Retaliation

The anti-retaliation provision of Title VII prohibits employers from discriminating against employees on the basis that the individual opposed a practice made unlawful by Title VII or made a charge, testified, assisted, or participated in an investigation or proceeding under Title VII. *Burlington N. and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 56 (2006) (citing 42 U.S.C. § 2000e–3(a)).

To establish a prima facie case of retaliation under Title VII, a plaintiff must

establish that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *Hague v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 333 (5th Cir. 2014) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)). Pursuant to the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), "[i]f the employee establishes a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision. After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 388–89 (5th Cir. 2007) (internal citation omitted). "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

II. Plaintiff's Prima Facie Case

    The parties do not dispute that Hersey engaged in protected activity when she filed a charge of racial discrimination with the EEOC. But Dolgencorp contends that O'Neal's discipline was not an adverse action against Hersey, and that there is no causal connection between Hersey's EEOC charge and the discipline.

Adverse Employment Action

In the context of Title VII's anti-retaliation provision, an adverse employment action "depends on whether the act was materially adverse, meaning that it would 'have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Anthony v. Donahoe*, 460 F. App'x 399, 404 (5th Cir. 2012) (quoting *Burlington*, 548 U.S. at 68). As the parties point out, the Fifth Circuit has found written warnings or reprimands to be both materially adverse, *see Drake v. Nicholson*, 324 F. App'x 328, 331 (5th Cir. 2009), and not materially adverse, *see Thibodeaux-Woody v. Houston Cmty. Coll.*, No. 13-20738, 2014 WL 6064479, at *5 (5th Cir. Nov. 14, 2014), depending on the factual context. Generally, "a written reprimand, without evidence of consequences, does not constitute an adverse employment action." *Thibodeaux-Woody*, 2014 WL 6064479, at *5.

In a three month period immediately after Hersey filed her EEOC charge, O'Neal documented five instances where Hersey was responsible for the cash registers being short at the end of the day. Following that, O'Neal documented seven instances of dissatisfaction with Hersey's productivity and adherence to office procedures. This contrasts with three written reprimands during all of 2008 and 2009. The pace of reprimands accelerated immediately after Hersey filed her EEOC charge, and it appears that Hersey was being moved along a disciplinary track toward termination. (*See, e.g.*, Def. Ex. C, ECF No. 107-5 at 68, 69).

But despite appearances, there was no practical effect on Hersey's conditions of employment. There is no evidence that termination was considered to be a possibility by anyone involved in Hersey's employment, including Hersey herself. She left Dolgencorp after finding other employment, not under threat of termination. Further, as the EEOC notes, Hersey was never removed from her position or otherwise demoted, and never placed on any type of performance improvement plan, training plan or development plan to address alleged performance deficiencies, even though these were all options available to Dollar General. These inconsequential disciplinary notices seem to simply have been O'Neal's minor complaints about Hersey's work put into writing. In the Court's view, the potential threat to Hersey's conditions of employment posed by the disciplinary notices was too speculative to make them materially adverse employment actions.[1] *See, e.g., Wilkins v. Plumrose USA, Inc.*, No. 1:12cv147-SA-DAS, 2013 WL 5503662, at *3 (N.D. Miss. Oct. 1, 2013). Under the circumstances of this case, the written reprimands would not have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Because the EEOC has failed to show that Hersey suffered an adverse employment action, there is no need to examine whether there is a causal

---

[1] The EEOC also contends there was a promotion available in 2011 that Hersey was not considered for, and the reason she was not considered was the disciplinary notices in her file. However, Hersey left Dolgencorp before anyone was assigned to the position, and therefore Dolgencorp's failure to promote her to the position cannot be attributed to anything other than her non-employee status.

connection.  Dolgencorp's summary judgment motion will be granted as to the retaliation claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [107] filed by the Defendant, Dolgencorp, LLC is **GRANTED** as to the retaliation claim and **DENIED** as to the racial discrimination claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that the EEOC's Motion for Hearing [128] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of February, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE