

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 03 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
) Civil Action No.
v. ) 1: 13-cv-00383-LG-JCG
)
)
DOLGENCORP, LLC d/b/a )
DOLLAR GENERAL )
)
Defendant. )

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action on September 25, 2012 against Dolgencorp, LLC, d/b/a Dollar General ("Dollar General" or "Defendant"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged that Defendant failed to promote Demetrice Hersey ("Ms. Hersey"), a Black Lead Sales Associate ("LSA"), into the position of Assistant Store Manager ("ASM") and, instead, filled the position with less qualified white employees. EEOC alleged that Defendant's conduct violated Section 703(a) of Tile VII, 42 U.S.C. § 2000e-2(a), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission further alleged that Defendant retaliated against Ms. Hersey in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Defendant denies the allegations in the Complaint, and denies that it discriminated against Hersey because of her race or retaliated against her for engaging in any protected conduct. Defendant's entry into this Consent Decree

CONSENT DECREE – Page 1

(the "Decree") does not constitute an admission by Defendant of any violation of Title VII or other law.

The Commission and Defendant (Collectively referred to herein as the "Parties") have advised the Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing/trial, and to the entry of findings of fact and conclusions of law. Venue is appropriate in the Southern District of Mississippi, Southern Division.

It is therefore the finding of this Court, based on the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and (3) this Consent Decree resolves all the matters in controversy between the Parties as provided in paragraphs 1 through 25 below.

It is ORDERED, ADJUDGED AND DECREED:

1. This Consent Decree is entered into by the Commission and Dollar General.

2. This Consent Decree shall be final and binding between the Commission and Dollar General.

3. This Consent Decree shall resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:13-cv-00383-LG-JCG. Moreover, the Parties acknowledge that Hersey's individual claims will be resolved by separate agreement between Dollar General and Hersey.

4. The term of this Decree shall be for two (2) years following the date of the entry of this Decree.

5. Any proposed modification of this Consent Decree shall be presented to the opposing party for consideration. If a modification is agreed to by both Parties, the modification shall be made by a written addendum to this Consent Decree, signed by both Parties and approved by the Court before the same is effective. If the Parties cannot agree to a proposed modification, the consent decree shall stand as originally entered unless modified by the Court on motion of a Party.

6. This Consent Decree shall apply to Defendant Dollar General related to its traditional retail stores in District 419.[1]

7. Dollar General shall, for the term of this Decree and in District 419, maintain policies that prohibit unlawful discrimination towards employees or applicants for employment on the basis of race, within the meaning of the Title VII, which includes but is not limited to:

   a. failing to promote Black employees, and failing to consider Black employees for promotion, based on race;

   b. retaliating against any employee because of opposition to a practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony, assistance or participation in any manner in an investigation, proceeding or hearing under Title VII; and

   c. discouraging any individual from reporting, alleging, complaining or assisting in any manner with any report, allegation or complaint of employment discrimination, harassment and retaliation.

---

[1] The EEOC agrees that the terms of this Consent Decree are only applicable to Defendant's stores in District 419. *See* Appendix A, list of stores in District 419.

8. Any individual(s) found by Dollar General to have violated its policies that prohibit discrimination and harassment on the basis of race and retaliation against employees who make a report of alleged discrimination or harassment or who participate in certain investigations or administrative proceedings relating to allegations of discrimination, harassment or retaliation shall be promptly counseled and disciplined, up to and including termination.

9. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant Dollar General under Title VII, such obligations being defined by Title VII.

10. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Dollar General, other than the Complaint in Civil Action No. 1:13-cv-00383-LG-JCG and the charge(s) of discrimination related thereto, including the EEOC Charge filed by Demetrice Hersey (No. 423-2010-00656), all of which are wholly and finally resolved by this Consent Decree. The Complaint in Civil Action No. 1:13-cv-00383-LG-JCG, and the Charge No. 423-2010-00656, as filed by Demetrice Hersey, shall be dismissed with prejudice to the refiling of the same.

## MONETARY RELIEF

11. To resolve this matter without the burden and expense of further litigation, Defendant shall pay Thirty-Two Thousand, Five Hundred United States Dollars ($32,500.00) to Hersey in settlement of this cause of action and in exchange for the separately negotiated release executed by Hersey. Of this amount, $10,000 shall be designated as back pay damages and subject to all applicable withholdings and Defendant agrees to issue a form W-2 for this amount. The remaining amount of $22,500 shall be designated compensatory damages and shall not be

CONSENT DECREE – Page 4

subject to withholdings and Defendant further agrees to issue a form 1099 for this amount of damages. All payments shall be made by check and made payable to Demetrice Hersey.

12. Within thirty (30) days from the entry of this Consent Decree by the Court, Defendant will forward a release to private counsel for Hersey for her execution. Defendant will notify counsel for the Commission upon receipt of the release executed by Hersey. Within thirty (30) days thereafter, Defendant shall mail the settlement check(s) to Hersey's counsel by Federal Express or certified mail.

13. Defendant shall mail a copy of Hersey's check(s) to the Equal Employment Opportunity Commission, Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205-2886.

### OTHER RELIEF

14. Defendant represents that the personnel file of Hersey does not contain any information regarding the existence of this lawsuit or the Charge of Discrimination filed with the EEOC. Defendant further agrees that if it is contacted for references, it will provide neutral information, including her dates of employment and position held. This agreement is contingent upon Hersey referring any calls or inquiries requiring a job reference to the Work Number at 1(800) 367-5690, Company Code 11010. This provision survives the expiration of the Consent Decree.

### POLICIES AND PROCEDURES

15. Defendant represents that it has made changes in its promotion process. Defendant shall maintain policies and procedures that:

   A. Prohibit the denial or promotions because of an employee's race, or refusal of consideration for promotions because of his or her race;

B. Prohibit conduct which violates Title VII and allow employees to raise concerns or complaints without retaliation about matters prohibited by Title VII;

C. Provide guidance and procedures for employees to report incidents of discrimination, harassment and retaliation;

D. Provide an assurance of non-retaliation for persons who believe they have been subject to discrimination, harassment and retaliation, and for persons who otherwise oppose activity unlawful under Title VII, or who participate by providing statements, assistance, or information related to any complaint, allegation or report of discrimination, harassment or retaliation;

E. Describe in detail the consequences, up to and including termination, for violations of Dollar General's anti-discrimination, harassment and retaliation policies;

F. Articulate a statement that discrimination on the basis of any protected status by any employee, non-employee, vendor, and/or customer, is prohibited and shall not be tolerated;

G. Identify specific alternative avenues, including a toll free telephone number, through which employees who believe they have been subject to discrimination, harassment or retaliation can report the same;

H. Articulate a written statement that an employee may report any discrimination, harassment or retaliation to his or her manager, Human Resources, or the Employee Response Center, and providing a toll free telephone number for reporting;

I. Provide that Defendant shall investigate the allegations of discrimination, harassment and retaliation as confidentially as possible under the circumstances and, where deemed by Defendant to be appropriate, that corrective action shall be taken by Defendant, including and up to the termination of employment for employees violating Dollar General's anti-discrimination, harassment and retaliation policies;

J. All new employees in District 419[2] shall receive Dollar General's anti-discrimination and harassment policy at the time of hire;

K. Provide notice to applicants and employees (via the application process, policies and procedures, and/or any poster displayed in each of the traditional retail Dollar General stores in District 419) of their rights under Title VII, including their right to be free from discrimination, harassment and retaliation for asserting their rights under Title VII; and

L. Dollar General will maintain its online application system that allows Lead Sales Associates to apply for Assistant Store Manager positions in specific stores.

## TRAINING FOR STORE MANAGERS

16. Within six (6) months of the entry of this Consent Decree, all current Store Managers in District 419 shall attend a computer based training session, to last approximately sixty (60) minute. This training shall include an explanation of the Defendant's policies regarding discrimination including:

---

[2] The Parties agree that the stores currently assigned to District 419 (which are listed in Appendix A attached hereto) will remain the relevant stores for purposes of this Consent Decree even if the Company implements an operational re-alignment and changes the stores in District 419.

A.  An explanation of Defendant's policies prohibiting discrimination, harassment and retaliation;

B.  A description of the importance of maintaining an environment free from discrimination, harassment and retaliation;

C.  A description of the types of discrimination, harassment and retaliation prohibited by law and the protections against retaliation for reporting, opposing or participating in activity related to the opposition of discrimination or harassment;

D.  A description of the methods to report discrimination, harassment and retaliation, what to do in response to receiving a complaint related to discrimination, harassment or retaliation (including how to treat employees who report, witness, oppose or otherwise participate in an investigation or opposition of discrimination, harassment and retaliation), and the types of disciplinary actions that shall be taken against any employee that engages in discrimination, harassment and retaliation; and

E.  The training shall also explain that Store Managers are responsible for enforcing Dollar General's anti-discrimination policies within their stores.

17. Dollar General may include other topics in this training depending on its needs and may combine this training with other company provided training for its Store Managers.

## REPORTING

18. Within two (2) months of the required training (as set forth above), Defendant shall provide the Birmingham District Office Regional Attorney with a list of Store Managers in District 419 who completed, and the date that each Store Manager completed, the training required under this Consent Decree. The reporting related to this training shall be mailed to

Regional Attorney, Birmingham District Office of the Equal Employment Opportunity Commission (EEOC), 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205

19. The Defendant shall also maintain the following records during the period of this Consent Decree:

    (1) Title VII policies and procedures; and

    (2) A copy of any written complaints received by Dollar General complaining of any discriminatory denial of a promotion in District 419.

### DISPUTE RESOLUTION

20. In the event that the Commission alleges that a violation of this Decree has occurred, prior to exercising any remedy provided by law, the Commission shall notify Dollar General or its counsel of the alleged non-compliance. Dollar General shall be allowed a period of twenty (20) business days thereafter to remedy or explain any alleged non-compliance prior to the Commission pursuing remedies provided by law.

### ATTORNEYS FEES

21. The Commission and Defendant shall each bear their own costs and attorneys' fees.

### FORCE AND EFFECT

22. The duration of this Consent Decree shall be two (2) years from its entry.

23. The Court shall retain jurisdiction for the duration of the Consent Decree.

24. Absent extension, this Consent Decree shall expire by its own terms at the end of two years from the date of entry of this Consent Decree without further action by the Parties.

25. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

CONSENT DECREE – Page 9

SO ORDERED, ADJUDGED, and DECREED this 2<u>nd</u> day of June, 2015.

_____
HONORABLE LOUIS GUIROLA, JR.
CHIEF DISTRICT JUDGE

APPROVED AND CONSENTED TO BY:

_____
AUTHORIZED REPRESENTATIVE
DOLGENCORP, LLC

_____
JOEL S. ALLEN (TX-00795069)
SCOTT W. PEDIGO (MSB No. 10735)
ADRIA L. HERTWIG (MSB No. 104094)

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201

BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, PC
4268 I-55 North, Meadowbrook Office Park
(39211) P.O. Box 14167
Jackson, Mississippi 39236-1467

_____
C. EMANUEL SMITH, Regional Attorney
MARSHA RUCKER, Acting Supervisory Trial Attorney
MANEESH VARMA, Trial Attorney
CHRISTOPHER WOOLLEY, Trial Attorney
**U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2886
Telephone: (205) 212-2045
**Attorneys for Plaintiff EEOC**

# EXHIBIT A

### Stores in District 419

| | |
|---|---|
| 754 | DG PASCAGOULA MS MAIL |
| 2389 | DG GAUTIER MS MAIL |
| 4710 | DG VANCLEAVE MS MAIL |
| 8356 | DG GULFPORT MS MAIL |
| 9649 | DG PASCAGOULA MS MAIL |
| 9946 | DG PASCAGOULA MS MAIL |
| 10360 | DG BILOXI MS MAIL |
| 10413 | DG PASCAGOULA MS MAIL |
| 10447 | DG GULFPORT MS MAIL |
| 10467 | DG LONG BEACH MS MAIL |
| 10687 | DG LONG BEACH MS MAIL |
| 11583 | DG MOSS POINT MS MAIL |
| 11694 | DG PASCAGOULA MS MAIL |
| 13011 | DG GULFPORT MS MAIL |
| 13705 | DG LONG BEACH MS MAIL |
| 14233 | DG PASCAGOULA MS MAIL |
| 14794 | DG MOSS POINT MS MAIL |
| 14860 | DG OCEAN SPRINGS MS MAIL |